**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ERICA BENNETT,

               *Plaintiff*,

    v.

REPUBLIC SERVICES, INC.,

               *Defendant*.

CIVIL ACTION
NO. 15-05028

## MEMORANDUM

**PAPPERT, J.**                                                                 **April 7, 2016**

Plaintiff Erica Bennett ("Bennett") was terminated from her employment with Republic Services, Inc. ("Republic") after she reported that a manager logged an earlier than actual arrival time on another employee's time card.  She contends that her termination was related to her report and that her firing violated Pennsylvania's Whistleblower Law, 43 Pa. Cons. Stat. Section 1421 *et seq.*, and constituted common law wrongful termination.  Bennett initially sued Republic in the Philadelphia County Court of Common Pleas.  Republic removed the case to this Court and filed a motion to dismiss the complaint.  (*See generally* Notice of Removal, ECF No. 1; Def.'s Mot. to Dismiss, ECF No. 4.)  Bennett timely amended her complaint, which mooted Republic's motion to dismiss.[1]  (First Am. Compl., ECF No. 5.)  Republic now moves to dismiss Bennett's first amended complaint, arguing that the facts alleged do not support either claim for relief.  (*See* Def.'s Second Mot. to Dismiss. at 3–4, ECF No. 8; *see also* Def.'s Reply at 2, 4, ECF No. 10.)  For the reasons that follow, the Court grants Republic's motion.

---

[1]  The only substantive changes in Bennett's first amended complaint are that she altered her allegation from one of "wrongdoing" to "waste" under the Whistleblower Law and removed her prayer for punitive damages.  (*Compare* Compl. ¶¶ 15, 22, 29, ECF No. 1, *with* First Am. Compl. ¶¶ 17, 23, 24, 29, ECF No. 5.)

**I.**

Republic "receives public contracts" and "serves as a solid waste disposal vendor under those contracts with public bodies" within the Commonwealth of Pennsylvania.  (First Am. Compl. ¶ 16.)  Bennett began her employment with Republic on July 19, 1999.  (*Id.* ¶ 5.)  She worked as a credit and collections specialist until October 2013, at which time she was reassigned to a "dispatch position."  (*Id.* ¶ 7.)  As a dispatch worker, Bennett monitored various office functions and assisted in scheduling and dispatching Republic's solid waste disposal trucks.  (*Id.* ¶ 8.)

On or about October 2, 2014, Bennett became aware of "clock-in irregularities" with respect to the time card of a truck driver, Harry Pennywell ("Pennywell").  (*Id.* ¶ 10.)  Around that same time, Bennett also noticed that her supervisor and manager, Steve Dilenno ("Dilenno"), marked Pennywell's time card that day to reflect that he arrived to work earlier than his actual arrival time.  (*Id.* ¶ 11.)  Bennett and "another employee" noted a discrepancy between Pennywell's altered arrival time and his actual arrival time.  (*Id.* ¶ 12.)

Sometime thereafter, Bennett reported this incident in good faith to the "local controller," Anthony Gerace ("Gerace").  (*Id.* ¶¶ 13, 15.)  Gerace was also Bennett's supervisor.  (*Id.* ¶ 9.)  No disciplinary action was taken against Dilenno as a result of Bennett's reporting of time card irregularities and false payroll reports .  (*Id.* ¶¶ 14, 15.)  Republic terminated Bennett on November 21, 2014.  (*Id.* ¶¶ 6, 19.)

**II.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation and internal quotation marks omitted).  Speculative and conclusory statements are not enough. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal conclusions" couched as facts. *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

### III.

The Whistleblower Law (or "the Act") makes it unlawful for an employer to "discharge, threaten or otherwise discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report . . . to the *employer* or appropriate authority [of] an instance of wrongdoing or *waste* by a *public body*." 43 Pa. Cons. Stat. § 1423(a) (emphasis added).  The Act defines "employer," in relevant part, as "[a] corporation for profit . . . which receives money

from a public body to perform work or provide services." 43 Pa. Cons. Stat. § 1422.  The

definition of "public body" includes "[a]ny other body which is created by Commonwealth or

political subdivision authority or which is funded in any amount by or through Commonwealth

or political subdivision authority or a member or employee of that body." *Id.*  The Act in turn

defines "waste" as "[a]n employer's conduct or omissions which result in *substantial* abuse,

misuse, destruction or loss of funds or resources belonging to or derived from Commonwealth or

political subdivision sources." *Id.* (emphasis added).

     Bennett contends that a single occurrence of Dilenno noting an earlier than actual arrival

time on Pennywell's time card constitutes "waste" within the meaning of the Act.  *See supra*

note 1 (discussing how Bennett changed her theory of liability from "wrongdoing" to "waste" in

her first amended complaint).[2]  There are several problems with Bennett's contention, any one of

which is fatal to her cause of action under the Act.

     First, Bennett must allege "substantial" waste.  43 Pa. Cons. Stat. § 1422 (defining waste

as "[a]n employer's conduct or omissions which result in substantial abuse").  One occurrence of

Dilenno marking an earlier than actual arrival time on Pennywell's time card does not constitute

"substantial abuse." *Id.*  Bennett argues that because the Act does not define "substantial," her

allegation *may* fit within the statutory definition of waste.  (Pl.'s Resp. at *6, ECF No. 9.)  This

argument belies common sense.  A plain reading of the Act makes it clear that such "waste" must

be more than something akin to what Bennett alleges.  Black's Law Dictionary defines

"substantial" as "[c]onsiderable in amount or value; large in volume or number."  BLACK'S LAW

DICTIONARY 1656 (10th ed. 2014).

---

[2]  Although Bennett changed her theory of liability under the Act from one of wrongdoing to waste, she cited several
decisions in her response to Republic's second motion to dismiss that dealt with wrongdoing.  (Pl.'s Resp. at *6–8
(discussing *Podgurski v. Pa. State Univ.*, 722 A.2d 730 (Pa. Super. Ct. 1998) and *Rodgers v. Pa. Dep't of Corr.*, 659
A.2d 63 (Pa. Commw. Ct. 1995)), ECF No. 9.)  *Podgurski* and *Rodgers*'s analysis of the Whistleblower Law under a
wrongdoing theory of liability are inapplicable to Bennett's claim of waste.

In Bennett's response to Republic's motion, she attempts to transform the alleged single incident into something more than what was pleaded in her first amended complaint: "[I]f Dilenno falsified Pennywell's time card on October 2, 2014, chances are that was not the first time he did so, nor was it the last time." (Pl.'s Resp. at *7.) Bennett goes on to state that "this very well might have been a common occurrence." (*Id.*) The Court, of course, cannot consider such hypothetical and speculative statements. These kinds of bald assertions are exactly what *Twombly* and *Iqbal* hold are not enough to survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 555 (stating that a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 769 (noting that the "mere possibility of misconduct" is not enough for a complaint to survive the Rule 12(b)(6) stage).

Second, the Act requires that such "substantial abuse, misuse, destruction or loss of funds or resources" must "belong[] to" or be "derived from [the] *Commonwealth*." 43 Pa. Cons. Stat. § 1422 (emphasis added). Bennett's response effectively concedes that any potential abuse that could have resulted from Dilenno or Gerace's actions resulted in an abuse of corporate funds, not Commonwealth funds. "A likely inference would be that Gerace . . . tacitly approved of such abuse of corporate funds." (Pl.'s Resp. at *5.)

Third and finally, Bennett fails to allege any facts that may show a "causal connection" between her report of waste and Republic's termination of her employment. *See McAndrew v. Bucks County Bd. of Cm'rs*, 982 F. Supp. 2d 491, 503 (E.D. Pa. 2013) (citing *Golaschevsky v. Dep't of Evtl. Prot.*, 720 A.2d 757, 758–59 (Pa. 1998)). In order to sustain a Whistleblower Law claim, a plaintiff must plead facts or surrounding circumstances that support an inference that the report of waste led to her dismissal. *See Golaschevsky*, 720 A.2d at 759–60; *see also Gray v.*

5

*Hafer*, 651 A.2d 221, 225 (Pa. Commw. Ct. 1994), *aff'd*, 669 A.2d 335 (Pa. 1995).  "An employee who has been terminated based on a filed report and wants to base his or her complaint on their employer's violation under the Whistleblower Law must specify how their employer is guilty of waste and/or wrongdoing."  *Gray*, 651 A.2d at 225.  Furthermore, "[t]hey must also show by concrete facts or surrounding circumstances that the report led to their dismissal, such as that there was a specific direction or information they received not to file the report or there would be adverse consequences because the report was filed."  *Id.*

Bennett has proffered no such factual support to raise an inference that her termination had anything to do with her alleged report of waste.  *See, e.g.*, *Golaschevsky*, 720 A.2d at 759 ("Here, Appellant does not present sufficient evidence to establish a causal connection between his report and his termination.  He does not allege that his supervisors threatened to fire him or to impose any other adverse consequences because of his report, nor does he establish any other 'concrete facts' to connect the report with the dismissal.").  Bennett reported the observed "time clock irregularities" on October 2, 2014 and was fired on November 21, 2014.  (First Am. Compl. ¶¶ 13, 19.)  She does not allege *any* facts which purport to connect the two dates or show how or why her termination was related to her report, other than the conclusory allegation that she was terminated "in retaliation" for her report.  (*Id.* ¶ 20.)

Her claim of wrongful termination under Pennsylvania common law also fails.  In Pennsylvania "'absent a statutory or contractual provision to the contrary . . . either party [may] terminate an employment relationship for any or no reason.'"  *Brown v. Hammond*, 810 F. Supp. 644, 646 (E.D. Pa. 1993) (quoting *Geary v. U.S. Steel Corp.*, 319 A.2d 174, 175 (Pa. 1974)).  An employer may determine without any hearing, fair or otherwise to the at-will employee that "the employer simply wishes to be rid of him."  *Id.* (citing *Darlington v. Gen. Elec.*, 504 A.2d 306,

320 (Pa. Super. Ct. 1986)).  An employer's right to terminate an at-will employee has been characterized as "'virtually absolute.'"  *Id.* (quoting *O'Neill v. ARA Serv., Inc.*, 457 F. Supp. 182, 186 (E.D. Pa. 1978)).

An at-will employee may bring a cause of action for wrongful termination "only in the most limited of circumstances where the termination implicates a clear mandate of public policy in this Commonwealth."  *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000).  Absent a violation of law, "it is difficult for an at-will employee seeking recovery for wrongful discharge to point to a common law, legislative or constitutional principle from which a clear public policy exception to Pennsylvania's doctrine of at-will employment could be inferred."  *Clark v. Modern Group Ltd.*, 9 F.3d 321, 330 (3d Cir. 1993).

Only a few reported Pennsylvania decisions have recognized claims for wrongful discharge on the basis of public policy.  In each, there was either an infringement of constitutional rights or a violation of a statute designed to protect the Commonwealth's public from serious harm.  *See, e.g.*, *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1179–82 (Pa. Super. Ct. 1989) (finding a violation of public policy in which an employee, hired as an expert in nuclear safety, was discharged for making a statutorily required report to the Nuclear Regulatory Commission); *Hunter v. Port Auth. of Allegheny County*, 419 A.2d 631, 638 (Pa. Super. Ct. 1980) (finding a violation of public policy and Article I, Section 1 of the Pennsylvania Constitution, in which a pardoned individual was denied employment because of an assault conviction, which had no relevance to his fitness for the job); *Reuther v. Fowler & Williams, Inc.*, 386 A.2d 119, 120–22 (1978) (finding a violation of public policy in which an employer interfered with an at-will employee's duty to serve on jury, a duty expressly protected by statute).

Similarly, the Third Circuit Court of Appeals has not permitted an at-will employee in Pennsylvania to recover for wrongful discharge when she merely disagrees with the termination. Instead, the decisions that have permitted recovery involved an illegal act or an infringement upon a fundamental right. *See., e.g.*, *Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611, 620–24 (3d Cir. 1992) (noting that under some circumstances, discharging a private sector at-will employee for refusal to consent to drug testing and personal searches by employer might violate public policy embodied in Pennsylvania common law for tortious intrusion on seclusion); *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 899–900 (3d Cir. 1983) (finding that former employee stated a claim for wrongful discharge under Pennsylvania law after he refused to participate in former employer's lobbying effort and privately stated opposition to company's political stance); *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363, 1366 (3d Cir. 1979) (stating that a cause of action exists under Pennsylvania law for tortious discharge if plaintiff's discharge resulted from a refusal to submit to a polygraph examination in violation of Pennsylvania's anti-polygraph statute). As Bennett's termination neither violates the Whistleblower Law, nor implicates a clear mandate of public policy, her common law wrongful termination claim must be dismissed.

## IV.

District courts must permit a curative amendment to dismissed complaints under Rule 12(b)(6), unless such amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "Futility" means that the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Bennett has already amended her complaint against Republic once. She has not sought leave to amend a second time. Had she done so, leave could not be granted because any further amendments of

the complaint would be futile and inequitable to Republic.  *See, e.g.*, *Gadling-Cole v. West Chester Univ.*, 868 F. Supp. 2d 390, 401 (E.D. Pa. 2012) ("The Plaintiff has already amended her complaint once in response to the Defendants' first motion to dismiss, which required the Defendants to file a subsequent motion to dismiss.  This amendment failed to cure the above deficiencies and to allow further amendment would be inequitable to the Defendants.").  Due to the fundamental substantive deficiencies in Bennett's previously amended complaint, further amendment would be futile.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.